# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ANNIE RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-08-CV-206 |
| | § | |
| GOOD SHEPHERD MEDICAL CENTER, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Good Shepherd Medical Center's ("Good Shepherd") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 30)[1]. Defendant contends that the plaintiff failed to timely file a charge of discrimination with the EEOC and has, therefore, failed to exhaust administrative remedies prior to filing suit in this Court. After carefully considering the facts of the case and the applicable law, the Court GRANTS defendant's motion for the reasons stated in this opinion.

**I.  Factual Background**

Plaintiff Annie Russell filed this case *pro se* against defendant Jim Brandon claiming sex/gender discrimination in violation of the Civil Rights Act of 1964. (*See* Plaintiff's Original Complaint, Dkt. No. 2, at 1). The plaintiff has since obtained counsel and filed multiple amended complaints. (Dkt. Nos. 27, 29, 31). In her Third Amended Complaint, plaintiff identified the lone defendant in this matter as Good Shepherd and modified the caption of the

---

[1] Also pending before the Court is a similar motion filed by defendant Jim Brandon (Dkt. No. 11). Plaintiff has amended her complaint to name Good Shepherd Medical Center Marshall as a defendant in place of Jim

1

case. (Dkt. No. 29). According to her Fourth Amended Complaint, plaintiff is an African American female, who was employed by the defendant as kitchen employee. (Dkt. No. 31). Plaintiff contends that she applied for a security officer position with the defendant, but was not allowed to interview based solely on her sex and gender. *Id*. Plaintiff alleges discrimination by the defendant in violation of Title VII of the Civil Rights Act of 1964. Plaintiff does not dispute that she has failed to file a charge of discrimination with the EEOC and obtain a notice of right to sue, allowing her to file suit against Good Shepherd.

## II. Legal Standard

The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* The Court must assume that the allegations in the complaint are true. *See id*; *Neitzke v. Williams,* 490 U.S. 319 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 328. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Employment discrimination plaintiffs must exhaust administrative remedies before

---

Brandon. (Dkt. No. 29). Therefore, defendant Jim Brandon's motion is DENIED as moot.

pursuing claims in federal court. *See* 42 U.S.C. § 2000e-5(f)(1). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination filed with the EEOC. *Thomas v. Texas Dept. of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (citing *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990)).

## III. Discussion

The plaintiff in this case failed to file an EEOC complaint against defendant Good Shepherd. Nevertheless, plaintiff asks this Court to ignore well settled law that aggrieved parties must exhaust administrative remedies before seeking relief from this Court under Title VII. Plaintiff argues that the Supreme Court's opinion in *Zipes v. Trans World Airlines* allows this Court to maintain jurisdiction over cases in which there has not been a timely filing with the EEOC. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). In *Zipes*, the Court held that Title VII's statute of limitations for filing with the EEOC was not a jurisdictional prerequisite but rather a statutory condition precedent. *See id.* at 393 ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). The Fifth Circuit has subsequently analyzed the holding in *Zipes*, and agreed that the receipt of an EEOC right-to-sue letter is not a jurisdictional prerequisite, but rather is a condition precedent subject to various equitable modifications. *See Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1217-19 (5th Cir. 1982) (listing exceptions where the Fifth Circuit has allowed non-

filing plaintiffs to proceed with their suit).  Whether treated as a matter of jurisdiction or as a statutory condition precedent, plaintiff's unexplained failure to obtain a right to sue letter requires dismissal of this case.  *See Harris v. Amoco Production Co.*, 768 F.2d 669, 680 (5th Cir. 1985) (stating that the failure to comply with a condition precedent usually means that a plaintiff cannot bring suit, even though the district court may have subject matter jurisdiction over the case if the case were otherwise before it).  Given that the plaintiff never filed a charge with the EEOC, this Court can find no exception to the statutory condition precedent under which plaintiff may be granted any equitable relief.  Nor has the plaintiff cited any case that supports the proposition that a plaintiff who never submits a charge to the EEOC can proceed in federal court with her Title VII claim.[2]

**IV.    Conclusion.**

For the reasons stated herein, the Court GRANTS defendant Good Shepherd's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 30).

SIGNED this 12th day of August, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[2] The Court is mindful of the fact that the plaintiff filed her suit in this court *pro se*.  However, even after obtaining counsel, plaintiff made no attempt to cure her failure to initially satisfy the condition precedent.  *See, e.g.*, *Bazile v. City of Houston*, 2008 WL 4899635, at *5 (S.D. Tex. Nov. 12, 2008).